E-FILED
Thursday, 16 July, 2026 03:35:51 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| DUSTIN NELSON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 25-3326** |
| | ) | |
| TIONA FARRINGTON *et al.*, | ) | |
| Defendants. | ) | |

## ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Plaintiff Dustin Nelson, a resident of Northlake, Illinois. Plaintiff has also filed a Motion for Counsel (Doc. 4) and a Petition to Proceed *in forma pauperis* ("IFP") (Doc. 6).

## I.   Complaint

### A. Screening Standard

The Court must "screen" Plaintiff's complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Factual Allegations

Plaintiff alleges violations at Lincoln Correctional Center ("Lincoln") against the following Defendants: Illinois Department of Corrections Director ("IDOC") Latoya Hughes; Lincoln Warden Tiona Farrington; Corrections Lieutenants King and Walsh; Corrections Officers Michael Cook, Cox, and Hinds; and the IDOC.

On September 2, 2025, Plaintiff was sitting in the tool room at Lincoln, awaiting the departure of other inmate workers who were blocking the area where his electrician tools and ladder were located. Defendant Cox screamed at Plaintiff, ordering him to stand up and return the chair to Cox's desk. Cox later issued Plaintiff disciplinary tickets for insolence and unauthorized movement. Thereafter, Cox would not permit Plaintiff to sign in to resume his duties as an inmate electrician. (Doc. 1 at 3.)

Plaintiff explained his situation to Defendant Farrington, who told Plaintiff she would speak to Defendant Walsh, Plaintiff's work supervisor. On September 8, 2025, Plaintiff again returned to the tool room to retrieve his work gear, but Cox denied him access. Plaintiff recalled that Walsh walked out of the tool room laughing when Cox ordered Plaintiff to leave and never return. Walsh later issued Plaintiff disciplinary tickets for threats and intimidation. (*Id*. at 4-5.)

On September 20, 2025, Plaintiff was in a group of inmates walking to the dining hall when Defendant Cox urged physical violence against Plaintiff, falsely claiming Plaintiff "was a toucher." (*Id*. at 5-6:18.) Plaintiff was physically attacked the next day.

Plaintiff asserts that he lost the good-time credit he had earned for working as an electrician. In this regard, Plaintiff claims Defendants Cook and King, acting as Adjustment Committee members, did not permit Plaintiff to call witnesses, use video evidence, or prepare his defense during his hearing on the disciplinary ticket issued by Defendant Walsh. (*Id*. at 7:23, 8:24.)

**C. Analysis**

"*Wolff v. McDonnell*[, 418 U.S. 539, 558 (1974)], sets forth the minimum due process requirements for prison disciplinary proceedings when the prisoner has been charged with serious misconduct which could result in loss of good time credits, punitive segregation, or which might also be punishable in state criminal proceedings." *Chavis v. Rowe*, 643 F.2d 1281, 1285 n.3 (7th Cir. 1981).

"Due process requires that prisoners in disciplinary proceedings be given: '(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action.'" *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007) (quoting *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992)).

The Court concludes that Plaintiff's account is sufficient to state a Fourteenth Amendment Due Process claim against Defendants Cook and King for denying Plaintiff the ability to prepare a defense before his disciplinary hearing and to call witnesses and present evidence during his disciplinary hearing on Defendant Walsh's disciplinary

ticket. Plaintiff also states a due process violation against Defendants Farrington and Hughes for their presumed concurrence with the Adjustment Committee's recommendation to rescind Plaintiff's earned good conduct credit.

However, Plaintiff does not state a claim against Defendants Walsh and Cox for issuing Plaintiff disciplinary tickets, as Plaintiff does not allege they were falsely issued or issued in retaliation for exercising a constitutional right. *See Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994) (concluding that at the pleading stage, if a plaintiff alleges that he was punished with segregation and loss of good time credits as a result of "false" and "unjustified" disciplinary charges, then these allegations plausibly could "mean that the tickets and resulting segregation and loss of good time were not supported by any evidence"); *see also Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015) ("[B]acktalk by prison inmates to guards, like other speech that violates prison discipline, is not constitutionally protected.").

However, Plaintiff does state an Eighth Amendment claim against Defendant Cox for falsely insinuating that Plaintiff had inappropriate sexual relations with children. *See Beal v. Foster*, 803 F.3d 356, 357–58 (7th Cir. 2015) (holding that a guard calling an inmate "derisive terms" like "punk, fag, sissy, and queer," … may be unconstitutional, such as where it inflicts significant psychological harm, "increas[es] the likelihood of sexual assaults" on the plaintiff, or makes "him a pariah to his fellow inmates"); *see also Turner v. Pollard*, 564 F. App'x 234, 238 (7th Cir. 2014) (vacating summary judgment for prison official who deliberately exposed prisoner to harm by insinuating to fellow inmates that prisoner had placed "hits" on them).

To the extent Plaintiff is claiming a constitutional deprivation based on his prison work assignment, "neither Illinois law nor the Due Process Clause itself affords prisoners a liberty or property interest in their jobs." *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000); *see also Starry v. Oshkosh Corr. Inst.*, 731 F. App'x 517, 518 (7th Cir. 2018) ("The district court held correctly that prisoners have no liberty interest in their jobs, and thus [the plaintiff] could not state a due-process claim."); *Soule v. Potts*, 676 F. App'x 585, 586 (7th Cir. 2017) ("The Constitution does not give prisoners any substantive entitlements to prison employment.").

Despite identifying Defendant Hinds, Plaintiff does not provide any facts that establish or permit the inference that he deprived Plaintiff of a constitutional right. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Additionally, IDOC is not a person within the meaning of § 1983. *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015); *see also Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("IDOC was properly dismissed because it is not a person subject to suit under § 1983.").

## II.    Counsel and IFP Petition

### A. Counsel

Plaintiff has no constitutional right to counsel, and the Court cannot require an attorney to accept pro bono appointments in civil cases. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992) (holding that although indigent civil litigants have no constitutional right to counsel, a district court may, in its discretion, request counsel to represent indigent civil litigants in

certain circumstances). In considering Plaintiff's motion for counsel, the Court must ask

two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel

or been effectively precluded from doing so; and if so, (2) given the difficulty of the case,

does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654

(7th Cir. 2007).

Plaintiff's Motion for Counsel (Doc. 4) is denied because he has not satisfied his

threshold burden of demonstrating that he has attempted to hire counsel, which typically

requires writing to several lawyers and attaching the responses received.

### B. IFP Petition

Plaintiff has filed a Long Form IFP Petition as instructed, which indicates he has

no funds to make an initial partial payment of the filing fee. Thus, Plaintiff's IFP Petition

is granted, but the initial fee is waived. *See* 28 U.S.C. Section 1915(b)(4) ("In no event shall

a prisoner be prohibited from bringing a civil action or appealing a civil or criminal

judgment for the reason that the prisoner has no assets and no means by which to pay

the initial partial filing fee.").

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Counsel (Doc. 4) is DENIED.**

2) **Plaintiff's IFP Petition (Doc. 6) is GRANTED.**

3) **According to the Court's screening of Plaintiff's Complaint [1] under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with Eighth Amendment claims against Defendants Cook, Cox, Farrington, Hughes, and King, as noted in the Court's Merit Review Order. Plaintiff's claim against Defendants proceeds in their individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

4) **The Clerk of the Court is DIRECTED to terminate Hinds, Walsh, and IDOC as parties.**

5) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendants before filing any motions to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

6) **The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have sixty days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within ninety days of the entry of this Order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

7) **Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.**

8) **Defendants shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an Answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until Defendants file a motion. Therefore, no response to the Answer is necessary or will be considered.**

9) **This District uses electronic filing, which means that after Defendants' counsel has filed an appearance, Defendants' counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Therefore, Plaintiff does not need to mail copies of motions and other documents that Plaintiff has filed with the Clerk to Defendants' counsel. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. Instead, Plaintiff must mail his discovery requests and responses directly to Defendants' counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendants'**

counsel files an appearance and the Court enters a scheduling order, which will explain the discovery process in more detail.

10) **Defendants' counsel is granted leave to depose Plaintiff at his place of confinement. Defendants' counsel shall arrange the time for the deposition.**

11) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in the dismissal of this lawsuit with prejudice.**

12) **If a Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the total costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

13) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

14) **The Court directs the Clerk to attempt service on Defendants under the standard procedures.**

ENTERED July 16, 2026.

s/ *Colleen R. Lawless*

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE